IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HAROLD TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-23-1184-D |
| ) | |
| STATE FARM FIRE AND CASUALTY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Plaintiff's Motion to Compel Discovery [Doc. No. 15] under Fed. R. Civ. P. 37. Upon review of the Motion, the Court finds that it fails to comply with LCvR37.1, which requires discovery motions to be accompanied by a written certification "that counsel personally have met and conferred in good faith and, after a sincere attempt to resolve differences, have been unable to reach an accord." Where certification is lacking, "this court shall refuse to hear any such motion." *See* LCvR37.1

Plaintiff's counsel provides a certification, and argument regarding some items, stating that counsel met in person on March 4, 2024, and Defendant's counsel agreed to revisit some objections and consult his client about supplementing some answers and responses, but "Plaintiff's counsel has not heard anything further" and "[n]othing has happened since March 4, 2024." *See* Mot. Compel at 6, 9. And as to some items, Plaintiff complains that Defendant "still has not produced the documents it promised to produce." *Id.* at 8 nn.2-3. The Court does not view these statements as a representation that counsel have been unable reach an accord.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Discovery [Doc. No. 15] is **DENIED** without prejudice to refiling upon compliance with LCvR37.1.

**IT IS SO ORDERED** this 15th day of March, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge